**UNITED STATES of America**
**v.**
**John N. MITCHELL et al.**
**Crim. No. 74–110.**

United States District Court,
District of Columbia.
Sept. 25, 1974.

Leon Jaworski, Sp. Prosecutor, Philip A. Lacovara, Counsel to Sp. Prosecutor, James F. Neal, Sp. Asst. to Sp. Prosecutor, Richard Ben-Veniste, Peter F. Rient, and George T. Frampton, Jr., Asst. Sp. Prosecutors, Washington, D. C., for the Government.

William S. Frates and Andrew C. Hall, Miami, Fla., for Ehrlichman.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

This matter comes before the Court on the motion of the defendant John Ehrlichman for discovery based on Rule 16 of the Federal Rules of Criminal Procedure.

This motion was one of the pretrial motions filed by the defendant on May 1, 1974. Several other defendants filed similar motions at the same time. The Special Prosecutor filed his opposition to the motions on June 5, 1974.

In its order of July 9, 1974, dealing with the May 1, 1974 pretrial motions, the Court noted that it was withholding action on the defendants' motions for discovery so as to facilitate an amicable resolution of the issue between the parties.

At the time of the hearing on the pretrial motions held June 11, 12 and 13, 1974, it had been indicated to the Court that an amicable settlement of the defendants' discovery requests was possible, and that it would be unnecessary for the Court to rule on the motions for discovery at that time; rather, if any defendant was dissatisfied with the discovery he could individually press the issue later. It is upon such insistence that defendant Ehrlichman's motion for discovery is now raised.

By letter of July 3, 1974, the Court was advised by the Special Prosecutor's office that it had voluntarily agreed to produce a great deal of the material sought by the defendants, and that it had made a further offer of pretrial discovery subject to agreement by all defendants to reciprocal discovery of similar material.

It appears that early in the summer the government provided each defendant with copies of his own grand jury testimony, prosecution interviews, F.B.I. interviews, and all other statements or testimony possessed by the prosecution which related to this case. Additionally, the government made efforts to obtain for each defendant his statements or testimony relating to this case made before congressional committees.

By the first part of September, each defendant had been provided with copies of or access to the tapes and transcripts of the subpoenaed White House conversations, a list of scientific tests and experiments the prosecutor had knowledge of, and a tremendous volume of other possibly relevant materials.

In its answer to the defendants' discovery motions, the prosecutors represented that they would voluntarily take it upon themselves to search for, seek to obtain, and make available to the defendants all statements made by the defendants and all possibly exculpatory materials which might be in the possession of other executive branch departments, as well as in the Congress. Pursuant to this continuing effort, the Special Prosecutor's office, as late as September 19, 1974, notified defense counsel that it had obtained and was making available to the defendants three further items of possible interest.

It is in light of this record of cooperation by the prosecution that the defendant's motion for discovery must be considered.

The defendant has based a number of arguments for discovery upon his interpretation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

That case stands for the general proposition that the prosecutor must turn over to the defendant in a criminal case all exculpatory material which he possesses. The prosecutor, in this case, has repeatedly affirmed his willingness and intention to generously follow the *Brady* requirement, and in view of his cooperative conduct, the Court sees no reason to doubt that full compliance with *Brady* will be had in this case.

The defendant argues that *Brady* places an affirmative burden of production not only on the prosecution but also on any agency of the executive branch or committee of the legislative branch which has reviewed any matter relating to the subject matter of this case. He supports this claim with the argument that *Brady* represents a judicial intention to equalize the investigatory resources available to a defendant and to the prosecutor by holding the prosecutor liable for the non-cooperation by any executive or legislative department.

But *Brady* does not stand for any such proposition. The Court is persuaded by, and hereby adopts, the position concerning the scope of the *Brady* requirement set forth in the Special Prosecutor's memorandum of points and authorities filed June 5, 1974.

Furthermore, the Court would note that the case of United States v. Deutsch, 475 F.2d 55 (5th Cir. 1973), upon which the defendant places great reliance, involved a situation in which the prosecution failed to even attempt to obtain an apparently unprivileged document in the possession of a close cooperating government agency—a situation entirely distinguishable from the situation at hand.

The defendant's sweeping and broadly phrased motion for discovery concerns a tremendous array of materials. Much of the requested material would appear to be irrelevant to the subject matter of this case. The defendant has made no showing whatever of the materiality or reasonableness of the request. The scope of the request far exceeds the scope of discovery required, or even hinted at by Rule 16.

Therefore it is by the Court this 25th day of September, 1974,

Ordered that defendant John Ehrlichman's motion for discovery, to the extent that it exceeds the discovery proffered or promised by the prosecution, be, and the same hereby is, denied.